IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Glynn Darryl Harper, | C/A No. 8:24-cv-7182-SAL |
| Plaintiff, | |
| v. | **ORDER** |
| David Baker, W. Carey, A. Brown, | |
| Defendants. | |

Plaintiff Glynn Darryl Harper ("Plaintiff"), proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights while incarcerated as a pretrial detainee at Anderson County Detention Center. This matter is before the court on the Report and Recommendation (the "Report") issued by United States Magistrate Judge William S. Brown, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), recommending the action be summarily dismissed without prejudice and without issuance and service of process. [ECF No. 9.] Plaintiff's claims in the present case were decided on the merits in a prior lawsuit. *See Harper v.* ACDC, C/A No. 8:23-cv-1337-SAL (D.S.C.). Accordingly, in addition to other reasons, the magistrate judge recommends summary dismissal because Plaintiff's claims are barred by the doctrine of res judicata. [ECF No. 9.] Attached to the Report was a notice advising Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. *Id.* at 14. Plaintiff has not filed objections, and the time for doing so has expired.[1]

---

[1] The Report was mailed to the address provided by Plaintiff but was returned to the court as undeliverable. The prior proper form orders were not returned as undeliverable, yet Plaintiff did

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

After reviewing the Report, the applicable law, and the record of this case in accordance with the above standards, the court finds no clear error, adopts the Report, ECF No. 9, and incorporates it by reference herein. This matter is **DISMISSED without service of process and without leave to amend**.

    **IT IS SO ORDERED.**

February 18, 2025                                             Sherri A. Lydon
Columbia, South Carolina                              United States District Judge

---

not correct the deficiencies identified by the magistrate judge. Further, at the start of this case, Plaintiff was directed to keep his updated address on file with the court or his case could be subject to dismissal. *See* ECF No. 11.